```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIEL ORIAKHI,

                         Petitioner,
                                                    ORDER

              v.                                    20-CV-821 (KAM)


DEPARTMENT OF HOMELAND SECURITY,

                         Respondent.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

On February 14, 2020, petitioner Daniel Oriakhi commenced this action, *pro se*, by submitting a habeas petition pursuant to 28 U.S.C. § 2241, requesting that this court intervene in his efforts to adjust his immigration status to Lawful Permanent Resident.  Petitioner paid the requisite filing fee to commence this action.  The petition is hereby dismissed because this court lacks jurisdiction to consider petitioner's request.

**Background**

The following facts are taken from the petition and assumed to be true for purposes of this Order.  Petitioner is presently in removal proceedings.  (ECF No. 1, "Pet." at 1.)  On April 8, 2019, petitioner filed an I-485 application with the United Stated Citizenship and Immigration Services ("USCIS"), seeking to adjust his legal status to Lawful Permanent Resident.

(*Id.* at 2.)  By Notice of Decision letter dated January 13, 2020, USCIS denied his application on the ground that, in 2012, an immigration judge had entered a Final Removal Order against petitioner.  (*Id.* at 3; Ex. 1, Appendix IV (ECF No. 1 at 27).)  Petitioner subsequently filed motions to Re-open/Terminate Removal Proceedings based on an approved I-130 application from 1990. (Pet. at 3.)  He received letters dated February 4, 2020 and February 11, 2020 from the United States Department of Justice, Executive Office for Immigration Review, rejecting his applications for filing on the grounds of "Case not Pending." (Pet. at 4; Ex. 2 (ECF No. 1 at 60-62).)

   Plaintiff now seeks this court's "intervention" pursuant to 28 U.S.C. § 2241 to "ensure a proper and lawful considerate disposition in light of [his] grievous medical situation."  (Pet. at 6.)  Petitioner asserts that "no reason was given why [his] motion to re-open was not presented before the Immigration Judge and why it was rejected: Other then [sic] my case is not pending."  (*Id.* at 5.)  He specifically requests that this court "grant this Habeas Corpus under 28 U.S.C. Section 2241 – directing that [his] adjustment status to Lawful Permanent Resident [be] hereby granted."  (*Id.* at 6.)

## Discussion

   The federal district courts' jurisdiction over immigration matters is limited by the REAL ID Act of 2005,

2

codified at 8 U.S.C. § 1252(a)(5), which provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal[.]" This limitation on judicial review applies to habeas corpus review pursuant to 28 U.S.C. § 2241. *See id.* Under 8 U.S.C. § 1252(b)(2), a petitioner must file his petition for review "with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2).

Even where a petitioner does not directly challenge an order of removal, the district courts cannot review those claims if the action is "inextricably linked to" a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (district court did not have subject matter jurisdiction over mandamus action to compel USCIS to consider petitioner's I-212 application because it indirectly challenged her removal order); *Singh v. USCIS*, No. 15-CV-1441 (JMF), 2016 WL 1267796, at *6 (S.D.N.Y. Mar. 30, 2016) (dismissing case for lack of subject matter jurisdiction pursuant to Section 1252(a)(5) because plaintiff's challenge "constitutes an indirect challenge to his order of removal"); *Mamadjonova v. Barr*, No. 19-CV-1317 (VLB), 2019 WL 6174678, at *6 (D. Conn. Nov. 20, 2019) ("[A]n adjustment-of-status challenge . . . which seeks to change [petitioner's] status from illegal and removable to legal and

3

non-removable, is exactly the kind of challenge that constitutes an indirect challenge to an order of removal.").

Here, petitioner's requests, *i.e.* that this court direct USCIS to accept for filing his motion to re-open/terminate removal proceedings and order his adjustment of status to Lawful Permanent Resident, constitute indirect challenges to his removal order. Accordingly, this court does not have jurisdiction over the petition, as the only possibility for judicial review lies with the appropriate court of appeals.

## CONCLUSION

For the foregoing reasons, the petition is dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment dismissing the action, close this case, mail a copy of this Order and the judgment to the *pro se* petitioner and note service on the docket.

**SO ORDERED.**

                                              /s/
                                         KIYO A. MATSUMOTO
                                         United States District Judge

Dated:   June 23, 2020
           Brooklyn, New York